UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

The Trustees of the Sheet Metal Local #10 Control Board Trust Fund,

Plaintiffs,

vs.

Peak Mechanical, Inc., a Minnesota corporation,

Defendant.

Civil File No. 02-354 ADM/SRN

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

Rosene, Haugrud & Staab, Chartered, by ANDREW E. STAAB, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

No person appeared for Defendant.

This matter came on for hearing before the Court on April 16, 2002, on Plaintiffs' motion for entry of Defendant's default, for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Defendant was served with the Summons and Complaint in the present action on February 11, 2002.

2. That Defendant is neither an infant nor an incompetent person.

3. That Defendant has failed to Answer, or otherwise defend, and is in default.

4. Defendant is signatory to the Labor Agreement between the Twin Cities Division of Sheet Metal, Air Conditioning and Roofing Contractors Association, Inc., and the Sheet Metal Workers Local No. 10 of Maplewood, Minnesota.

APR 16 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 16 2002
DEPUTY CLERK

5. Pursuant to the above-referenced Labor Agreement, Defendant is obligated to submit to Plaintiffs monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' designated agent conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. That Plaintiffs face irreparable harm from Defendant's delinquency because they have a continuing obligation to provide benefits regardless of whether Defendant submits the fringe benefit contribution payments.

8. That Plaintiffs' continuing harm outweighs any prejudice to Defendant resulting from the issuance of an Injunction.

9. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

10. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Labor Agreement, and ERISA.

11. That Plaintiffs have incurred attorney fees in this matter in the amount of $800.00 and costs in the amount of $193.00.

Based on its review, the Court reaches the following:

**CONCLUSIONS OF LAW**

1. That Plaintiffs' motion for entry of Defendant's default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendant will not be harmed by the

issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendant is in default, and Plaintiffs are entitled to judgment against Defendant for delinquent fringe benefit contribution payments, together with interest, liquidated damages, audit fees attorney fees, and costs in the amount of $193.00.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. Upon completion of the fringe benefit compliance audit of Defendant's books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Defendant in the amount stated in the affidavit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 16, 2002

Ann D. Montgomery
United States District Judge

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

The Trustees of the Sheet Metal Local # 10 Control Board Trust Fund,

Plaintiffs,

vs.

Peak Mechanical, a Minnesota corporation,

Defendant.

Civil File No. 02-354 ADM/SRN

**INJUNCTION**

Pursuant to this Court's Order dated April 16, 2002:

1. Defendant is to submit forthwith to Plaintiffs all delinquent fringe benefit contribution Report Forms and pay forthwith fringe benefit contribution payments for all months for which Defendant is delinquent, together with interest and liquidated damages.
2. Defendant is to submit forthwith to Plaintiffs all its books and records for an audit disclosing the amount of unpaid fringe benefit contribution payments.
3. The Defendant shall cooperate in all ways with this audit.
4. Defendant, acting through their directors, officers, agents, servants, employees, shareholders, and all persons acting in privity or in concert with it, is MANDATED to submit to Plaintiffs all fringe benefit contribution Report Forms and all fringe benefit contribution payments as they become due.

BY THE COURT:

Dated: April 16, 2002

Ann D. Montgomery
United States District Judge

FILED 4-16-2
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK